IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01566-BNB

FRAYNE AERON WISKUS,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
U.S. DEPT. OF JUSTICE,
FBOP,
WARDEN SHERROD,
A. W. GARCIA,
SIS LT. BAKER,
SIS LT. SNIDER,
R&D MR. ESPINOZA, L-E Unit Mgr.,
MS. LEWELLYN, L-E Unit Counselor,
MS. TABOR, C.O. Property Officer,
MR. FORD, Co-Conspirator,
S. LEYBA, Legal Instruments Examiner,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 13 2006

GREGORY C. LANGHAM
CLERK

---

ORDER TO FILE AMENDED COMPLAINT AND TO SHOW CAUSE

---

Plaintiff Frayne Aeron Wiskus is a prisoner incarcerated at the Federal Correctional Institution at Waseca, Minnesota. Mr. Wiskus initiated this action by filing *pro se* in the United States District Court for the District of Minnesota (District of Minnesota) a civil rights complaint. He paid the $350.00 filing fee. In an order filed on August 4, 2006, the District of Minnesota transferred the action to this Court.

On September 5, 2006, the Court ordered Mr. Wiskus within thirty days to submit an amended complaint on the proper, Court-approved form for filing a civil rights complaint pursuant to **Bivens v. Six Unknown Named Agents of Fed. Bureau of**

***Narcotics***, 403 U.S. 388 (1971), and 28 U.S.C. § 1331 (1993). Mr. Wiskus has failed within the time allowed to respond to the September 5 order. However, the complaint will not be dismissed at this time for that reason.

The Court must construe the complaint liberally because Mr. Wiskus is representing himself. *See **Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. ***Hall***, 935 F.2d at 1110. For the reasons stated below, Mr. Wiskus will be ordered to file an amended complaint and to show cause why the amended complaint should not be dismissed for failure to exhaust the BOP's three-step administrative grievance procedure.

The Court has reviewed the complaint and has determined that the complaint is deficient. Mr. Wiskus may not sue the United States, the Department of Justice, or the BOP in a ***Bivens*** action. The United States, as sovereign, is immune from suit unless it expressly consents to be sued. ***United States v. Testan***, 424 U.S. 392, 399 (1976); ***Bivens***, 403 U.S. at 410; ***Ascot Dinner Theatre, Ltd. v. Small Business Admin.***, 887 F.2d 1024, 1027 (10th Cir. 1989). The United States is immune from a ***Bivens*** claim for money damages. ***FDIC v. Meyer***, 510 U.S. 471, 486 (1994); ***Chapoose v. Hodel***, 831 F.2d 931, 935 (10th Cir. 1987).

Mr. Wiskus claims that the defendants wrongly deprived him of certain personal property, including some "legal records," which he possessed while he was incarcerated at the Federal Correctional Institution at Englewood, located in Littleton, Colorado. Mr. Wiskus fails to make factual allegations demonstrating each defendant's personal

2

participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

It is not clear whether Mr. Wiskus has exhausted his claims through the BOP's grievance system. Pursuant to 42 U.S.C. § 1997e(a) (Supp. 2005), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." An inmate must exhaust administrative remedies before seeking judicial relief regardless of the relief sought and offered through administrative procedures, *see Booth v. Churner*, 532 U.S. 731, 739 (2001), and regardless of whether the suit involves general circumstances or particular episodes. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Mr. Wiskus is a prisoner confined in a correctional facility. The claims he asserts relate to prison conditions. Therefore, he must exhaust the available administrative remedies. Furthermore, 42 U.S.C. § 1997e(a) "imposes a pleading requirement on the

prisoner." ***Steele v. Fed. Bureau of Prisons***, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Wiskus must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. Finally, § 1997e(a) imposes a total exhaustion requirement on prisoners. ***See Ross v. County of Bernalillo***, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Mr. Wiskus has failed to exhaust administrative remedies for any one of his claims, the entire complaint must be dismissed. Because Mr. Wiskus failed as directed to submit an amended complaint on the proper, Court-approved form, the Court is unable to determine whether he has exhausted administrative remedies. Therefore, Mr. Wiskus will be ordered to show cause why the amended complaint should not be dismissed for failure to exhaust the BOP's three-step administrative grievance procedure as to his asserted claims.

Finally, Mr. Wiskus is advised that he must provide sufficient copies of the amended complaint to serve each named defendant. The Court will not make the copies necessary for service. Therefore, Mr. Wiskus should review his claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Mr. Wiskus file **within thirty (30) days from the date of this order** an amended complaint that complies with the directives in this order and that shows cause why the amended complaint should not be dismissed for failure to exhaust the United States Bureau of Prisons' three-step administrative remedy procedure. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Wiskus, together with a copy of this order, two copies of the following form to be used in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Wiskus submit sufficient copies of the amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Mr. Wiskus fails to comply with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED October 13, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-01566-OES

Frayne Aeron Wiskus
Reg. No. 07010-046
FCI – Florence
PO Box 5700
Adelanto, CA 92301

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 10/13/06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk